UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JAMES R. GIBSON** | : | **DOCKET NO. 18-cv-0092** |
| **REG. # 62228-004** | | **SECTION P** |
| **VERSUS** | : | **JUDGE TRIMBLE** |
| **WARDEN FCI OAKDALE** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by James R. Gibson. Gibson is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institute at Oakdale, Louisiana ("FCI Oakdale").

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court. For the reasons stated below, **IT IS RECOMMENDED** that the petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

### I.
#### BACKGROUND

Gibson brings this action to allege a violation of his first amendment rights based on withholding of his legal mail/denial of access to the courts. Doc. 1. He states that, after his transfer from FCI Coleman to FCI Oakdale in June 2017, his personal property, including legal documents, was never forwarded to him. *Id.* at 6–7. In relief he requests that the court order that the BOP return his documents or reconstruct his legal file in full, at the BOP's expense. *Id.* at 8. He indicates that he has not sought an administrative remedy relating to this alleged violation. *Id.* at 2.

## II.
### LAW & ANALYSIS

An application for writ of *habeas corpus* is the appropriate means for a prisoner to challenge the fact or duration of confinement. *Preiser v. Rodriguez*, 93 S.Ct. 1827, 1841 (1973). On the other hand, a civil rights suit "is an appropriate legal vehicle to attack unconstitutional parole procedures or conditions of confinement." *Cook v. Texas Dep't of Criminal Justice Trans. Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994). In other words, the proper vehicle is a civil rights suit if "a favorable determination . . . would not automatically entitle [the prisoner] to accelerated release." *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995).

Gibson's claim clearly relates to his conditions of confinement and would not entitle him to accelerated release. It should therefore be raised in a civil rights action, subject to the appropriate filing fee. Gibson should also be aware of the administrative exhaustion requirement for such actions, which defendants may raise as an affirmative defense under the Prison Litigation Reform Act. *Porter v. Nussle*, 122 S.Ct. 983 (2002).

## III.
### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that this matter be **DENIED** and **DISMISSED WITHOUT PREJUDICE** to Gibson raising these claims in a properly filed civil rights action.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking

-3-

either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 9th day of April, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE